[Civ. No. 1375. First Appellate District.—October 20, 1914.]

## EUREKA MILL AND LUMBER COMPANY (a Corporation), et al., Appellants, v. JENNIE E. ANDRES et al., Respondents.

FORECLOSURE OF MECHANICS' LIENS—CLAIM OF ABROGATION OF ORIGINAL CONTRACT BY EXECUTED ORAL CONTRACT—FAILURE OF EVIDENCE TO SHOW.—In this action to foreclose certain mechanics' liens upon the real property of the defendant, it is held that the contention of plaintiffs that the original contract between the parties was abrogated by an executed parol agreement, providing for the erection of a different building, the cost of which, it was claimed, exceeded the sum of one thousand dollars and that, no memorandum of the latter contract being recorded or ever filed, judgment should have been directed to foreclose the liens upon the property for their full amount; and the further contention that the findings are contrary to the evidence, and inconsistent with, and repugnant to, each other, cannot be sustained.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

W. B. Rinehart, and H. S. Craig, for Appellants.

Samuels & Magnes, for Respondents.

LENNON, P. J.—This is an action to foreclose certain mechanics' liens upon real property owned by the defendant. Judgment was rendered and entered for the plaintiffs, to the effect that the amount of their respective claims of lien should be prorated out of the sum of five hundred and fifty dollars, which the trial court found was the contract price for the erection of a dwelling-house pursuant to the terms of a written contract. Plaintiffs, being dissatisfied with the judgment, have appealed.

Originally there were two independent actions instituted for the foreclosure of the liens in controversy, which for the purpose of trial were consolidated.

The causes of action sued upon arose primarily out of the execution of the following contract:

"The undersigned, W. H. Shaffer, agrees to construct a replica of a three-room bungalow on 14th Street, Oakland, on what is known as the Y. M. C. A. property, excepting as follows: the painting inside and out, the sewer; the same to be constructed on Jones Street, Oakland, for the sum of $550, and paid for upon conclusion of this agreement or contract.

"Signed this 14th day of July, 1910.

"   (signed)   W. H. SHAFFER.<br>
"    "    JENNIE E. ANDRES. "

In the court below it was the plaintiffs' contention that this contract was abrogated by an executed parol agreement providing for the erection of a different building, the cost of which, it was claimed, exceeded the sum of one thousand dollars, and that, as no memorandum of the latter contract was ever filed or recorded, judgment should have been directed, foreclosing the liens upon the property for their full amount. Upon the evidence adduced at the trial, the lower court, in its findings of fact, declared that the written contract was the only one entered into between the parties; and deduced the conclusion of law therefrom that the several lien claimants were limited in their recovery to the contract price therein stated. Counsel for plaintiffs attacks this finding as being contrary to the evidence, and inconsistent with and repugnant to other material findings.

Briefly stated, the evidence adduced upon the entire case discloses the following facts: The defendant desired to erect a duplicate of a certain building on Fourteenth Street in the city of Oakland, and estimated that this could be done for the sum of five hundred and fifty dollars. With that end in view she had several conversations with a contractor named W. H. Shaffer, which culminated in the execution of the contract above recited. Thereupon a rough plan of the building contracted for was made, and was submitted to the defendant for her approval by the contractor. The defendant discovered that a door had been omitted, and the plan was changed accordingly. The defendant had no further conversations with the contractor concerning the cost and construction of the building. The building was constructed according to the plan prepared by the contractor and approved by the defendant.

In substance these are the facts and the only facts of the case; and the finding of the trial court that the building was

erected pursuant to the terms of the written contract is therefore the only finding possible under the evidence.

In support of the contention that the written contract was abrogated counsel for plaintiffs insists that the building as erected was not in fact an exact replica of the Fourteenth Street house referred to in the contract; and in support of this contention relies upon the testimony of two lien claimants to the effect that certain differences existed between the two buildings. The cross-examination of these witnesses discredited, if it did not destroy, their testimony. As against their testimony the defendants produced an architect, apparently a disinterested witness, who testified that he made an inspection of both buildings, and that one was a copy of the other. All of the testimony adduced upon the entire case tends to the conclusion that the building was erected pursuant to the terms of the written contract, and that it was a replica of the building referred to therein. In our judgment there is no evidence of any kind tending to show that the contract was in any manner or at any time departed from, or that a single alteration was made. The testimony of the contractor's brother that certain conversations were had relative to the building after the execution of the contract was subsequently denied by him when the trial court drew his attention to his conflicting testimony; and he then admitted that all conversations relative to the building were had prior to the execution of the contract. The contractor himself was not called as a witness in the case. The claim that the contract was changed by mutual consent is supported only by the statement of the counsel for the plaintiffs.

There is no merit in the claim that the remaining findings in the case are inconsistent and repugnant in themselves.

The judgment appealed from is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 19, 1914.